**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| BROADCAST MUSIC, INC.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; SCREEN GEMS-EMI MUSIC, INC.; BOY MEETS GIRL MUSIC; VELVET APPLE MUSIC; WELSH WITCH MUSIC; TOKECO TUNES; WACISSA RIVER MUSIC, INC.; EMI BLACKWOOD MUSIC INC.; RISING GORGE MUSIC; JEFF DIGGS MUSIC; UNIVERSAL MUSIC MGB NA LLC d/b/a UNIVERSAL MUSIC CAREERS; HIP CITY MUSIC INC.; HIFROST PUBLISHING<br><br>                    Plaintiffs<br><br>        v.<br><br>BAWA, INC. d/b/a SIZZLE<br>11445 Pulaski Highway<br>White Marsh, MD  21162<br><br>        Serve On:<br>        Rajpal Singh, Resident Agent<br>        1910 Winding Woods Lane<br>        Parkville, MD  21234<br><br>And<br><br>RAJPAL SINGH<br>1910 Winding Woods Lane<br>Parkville, MD  21234<br><br>And<br><br>HARPAL SINGH<br>3814 North Point Boulevard<br>Baltimore, MD  21222<br><br>                    Defendants | Civil Action No.:_____ |

{00399049v. (15456.00010)}

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 15 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Boy Meets Girl Music is a partnership owned by Shannon Rubicam and George Robert Merrill.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Velvet Apple Music is a sole proprietorship owned by Dolly Parton.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Wacissa River Music, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff EMI Blackwood Music Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Rising Gorge Music is a sole proprietorship owned by Dennis N. Linde.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Jeff Diggs Music is a sole proprietorship owned by Jeffrey R. Hanna.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Universal Music MGB NA LLC is a limited liability company doing business as Universal Music Careers.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Hip City Music Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Hifrost Publishing is a partnership owned by Hiriam Hicks and Elliot Straite. This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Defendant BAWA, Inc. is a corporation organized and existing under the laws of the state of Maryland which operates, maintains and controls an establishment known as Sizzle, located at 11445 Pulaski Highway, White Marsh, MD 21162 in this district (the "Establishment").

19. In connection with the operation of the Establishment, Defendant BAWA, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed on its premises.

20. Defendant BAWA, Inc. has a direct financial interest in the Establishment.

21. Defendant Rajpal Singh is an Officer and/or a Director of Defendant BAWA, Inc. with responsibility for the operation and management of that corporation and the Establishment.

22. Defendant Rajpal Singh has the right and ability to supervise the activities of Defendant BAWA, Inc. and has a direct financial interest in that corporation and in the Establishment.

23. Defendant Harpal Singh is an Officer and/or Director of Defendant BAWA, Inc. with responsibility for the operation and management of that corporation and the Establishment.

24. Defendant Harpal Singh has the right and ability to supervise the activities of Defendant BAWA, Inc. and has a direct financial interest in that corporation and in the Establishment.

### CLAIMS OF COPYRIGHT INFRINGEMENT

25. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 24 hereof as if the same were fully set forth herein.

26.     Since June 2018, BMI has reached out to Defendants over forty (40) times, by phone, by in-person visits, by mail, and by email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

27.     Plaintiffs allege nine (9) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

28.     Annexed to this Complaint as a Schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the nine (9) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the Plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7

showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

29. For each work identified on the Schedule, the person(s) named on Line 3 was/were the creator(s) of that musical composition.

30. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

31. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was/were (and still is/are) the owner(s) of the copyright in the respective musical composition listed on Line 2.

32. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

33. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright

infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

A. Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

B. Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

C. Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

D. Plaintiffs have such other and further relief as is just and equitable.

October 29, 2019                                    WRIGHT, CONSTABLE & SKEEN, LLP

                                                          /s/ Max S. Stadfeld
Max S. Stadfeld (Bar No. 05684)
Marc A. Campsen (Bar No. 29791)
7 Saint Paul Street, 18th Floor
Baltimore, MD  21202
Tel:  410-659-1300
Fax:  410-659-1350
mstadfeld@wcslaw.com
mcampsen@wcslaw.com

*Attorneys for Plaintiffs*